O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| JOANN FRYER, | Case No. EDCV 10-00913-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Joann Fryer seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**I.   Background**

Plaintiff filed her application for SSDI and SSI benefits on December 12, 2006, alleging disability as of February 1, 2006 due to disorders of the back and anxiety disorders. (Administrative Record ("AR") 11, 79-81, 82-86.) Plaintiff was born on February 11, 1958 and

was 50 years old at the time of the administrative hearing. (AR 11, 79, 101.) She completed high school, and has been employed as a cashier, medical assistant, surveyor and vocational trainer. (AR 27, 106.)

Plaintiff's application was denied initially on June 1, 2007, and upon reconsideration on September 28, 2007. (AR 45-50, 54-58.) An administrative hearing was held on December 16, 2008 before ALJ Michael D. Radensky. Plaintiff, represented by counsel, testified, as did a vocational expert ("VE"). (AR 22-40.)

On April 7, 2009, ALJ Radensky denied Plaintiff's application for benefits. (AR 11-19.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[1] (AR 13.) The ALJ further found that Plaintiff had the following severe impairments: chronic pancreatitis secondary to history of alcohol and drug abuse, mild degenerative changes of the back, and Tarlov cyst on the lumbar spine. (Id.) However, the ALJ determined that Plaintiff's impairments did not meet and were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 14.) The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to "lift/carry twenty pounds occasionally, ten pounds frequently; sit six hours in an eight-hour workday; stand/walk four hours in an eight-hour workday, changing positions briefly one to three minutes each hour; occasional postural, but no climbing ladders, ropes, or scaffolds; no concentrated exposure to hazards or vibration." (Id.) Plaintiff was deemed able to perform her past relevant work as a

---

[1] Although the ALJ stated that the alleged onset date was January 1, 2000, this appears to be a typographical error. The actual alleged onset date is February 1, 2006. This will be discussed in greater detail below.

vocational trainer. (AR 18.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f). (Id.)

On April 27, 2010, the Appeals Council denied review (AR at 1-3), and Plaintiff timely commenced this action for judicial review. On February 2, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following: (1) the Appeals Council failed to properly consider newly submitted evidence regarding Plaintiff's ability to work; (2) the ALJ erred in determining that Plaintiff could perform her past relevant work; and (3) the ALJ failed to make proper credibility findings. (Joint Stip. 2-3.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further proceedings. (Joint Stip. 23.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 24.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial

evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The Evidence Submitted After the Administrative Hearing Does Not Require Remand**

Plaintiff asserts that she presented new evidence to the Appeals Council after the hearing that changed the weight of the evidence and that the Appeals Council erred in denying review. This new evidence consists of a one-page "San Bernardino County Transitional Assistance Department Medical Report" dated December 5, 2006. (AR 329.) The medical report, signed by J. Evans, M.D., notes that Plaintiff had been diagnosed with leg pain and sciatica with a fair prognosis. (Id.) Dr. Evans opined that Plaintiff was not capable of performing any work and that she was temporarily incapacitated from December 7, 2006 through May 7, 2007. (Id.) In the comments section of the form, Dr. Evans stated, "[d]ate of disability retroactive to 5/2/06, unable to work at present due to complications of sciatica." (Id.)

The Court has jurisdiction to remand a case for the consideration of new evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See* 42 U.S.C. § 405(g) (Sentence Six); *Allen v. Secretary of Health & Human*

*Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984). New evidence is material if (1) the evidence bears "directly and substantially" on the matter in dispute, and (2) there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *see also Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)(new evidence is material if there is a reasonable possibility that it would have changed the outcome of the ALJ's determination).

In this case, the evidence submitted to the Appeals Council after the administrative hearing does not require remand. First, the newly submitted evidence was not "material" because there was not a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. The Court notes that the Commissioner alone determines "disability" under the Social Security Act. *See* 20 C.F.R. §§ 404.1527(e) and 416.927(e) (2003); Social Security Ruling 96-5p. Thus, a treating physicians' opinion that a claimant is disabled is not conclusive of disability under the Social Security Act. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, Dr. Evans' one-page report was brief and unsupported by any clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(An "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") There was nothing in Dr. Evans' opinion that showed that Plaintiff was any more limited than as was found by the ALJ. (AR 17-18). Nor did Dr. Evans provide a specific assessment of Plaintiff's abilities. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ permissibly rejected doctor's opinion as conclusory because it did not give a specific assessment of claimant's functional capacity;

opinion stated diagnosis and concluded claimant was disabled.)

The ALJ considered Plaintiff's limitations and appropriately assessed her RFC. (AR 14-15). To assess Plaintiff's functioning, the ALJ relied on the opinions of the consultative examiner and the State Agency consulting physician, both of which contradicted Dr. Evans's opinion that Plaintiff was disabled. (AR 16-17, 198-202, 206-210.) The consultative examiner, Dr. Nicholas Lin, M.D., provided a detailed functional capacity assessment, which concluded that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently, as well as stand or walk for four hours and sit for six hours in an eight-hour work day. (AR 16, 202.) Dr. Evans's opinion, on the other hand, was vague and conclusory, and did not provide any explanation as to why Plaintiff was disabled for an entire year and why the date of disability was retroactive to May 2, 2006, four months before Plaintiff first complained of leg pain. The ALJ also considered the fact that Plaintiff was not fully credible regarding the severity and limiting effects of her symptoms, as discussed in further detail below. (AR 17.) In combination, this constituted substantial evidence supporting the ALJ's functional assessment, the weight of which would not be materially changed by the new evidence submitted by Plaintiff after the hearing.

Second, Plaintiff has not demonstrated good cause for failing to incorporate this evidence into the record. The administrative hearing was held on December 16, 2008 (AR 22-40) and the ALJ did not issue his decision until April 7, 2009. (AR 11-19.) Dr. Evans's report is dated December 5, 2006, more than two years prior to the administrative hearing. Plaintiff, who has been represented by counsel throughout these proceedings, offers no explanation for her failure to submit this evidence to the ALJ. Accordingly, Plaintiff is not entitled to relief on

this claim of error.

**B. The ALJ Properly Determined That Plaintiff Was Capable of Performing Her Past Relevant Work**

Plaintiff contends that the ALJ improperly determined that she was capable of performing her past work as a vocational trainer. (Joint Stip. 8.) Plaintiff worked as a vocational trainer from October 9, 2005 through February 1, 2006. (AR 93-122.) Based upon the testimony of the VE, the ALJ determined that Plaintiff retained the RFC to perform her past work as a vocational trainer. (AR 18, 36-37.)

Plaintiff "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." *Allen v. Secretary of Health & Human Serv.*, 726 F.2d 1470, 1472 (9th Cir. 1984). Moreover, it is Plaintiff's burden to prove that she cannot return to her former *type* of work, not just to her former job. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). A claimant is not disabled if she can perform the duties of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

Plaintiff first argues that, because the ALJ had already determined that she had not performed any substantial gainful activity since the onset date of January 1, 2000, her work as a vocational trainer performed after that date would not be considered substantial gainful activity. (Joint Stip. 8.) This argument is without merit. Although the ALJ's decision states that the alleged onset date is January 1, 2000, this appears to be a typographical error. At the administrative hearing, the ALJ specifically stated that Plaintiff's onset date was "officially amended" to February 1, 2006, noting that Plaintiff had continued to work up until that date. (AR 26.)

//

Plaintiff next argues that her work as a vocational trainer, which lasted for approximately three months and three weeks, should be deemed as an unsuccessful work attempt, rather than substantial gainful activity. (Joint Stip. 9.) Generally, work that the claimant is forced to stop after a short time because of an impairment is considered to be an unsuccessful work attempt and the earnings from that work cannot be considered as demonstrating an ability to perform substantial gainful activity. 20 C.F.R. §§ 404.1574(c), 416.974(c). A period of work between three and six months will only be considered an unsuccessful work attempt if the claimant stopped work because of the impairment and the claimant satisfies one of the following criteria: (1) frequent absences from work because of the impairment; (2) unsatisfactory work because of the impairment; (3) the claimant worked during a period of temporary remission of the impairment; or (4) the claimant was working under special conditions that were essential to the claimant's performance and these conditions were removed. 20 C.F.R. §§ 404.1574(c)(4), 416.974(c)(4).

Although Plaintiff testified that her employer fired her because she had been missing work, purportedly due to her impairment (AR 23, 24), there is no other evidence in the record to support her claim that she was fired from her job because she was frequently absent due to illness. Plaintiff's statements alone are insufficient to establish that her absences from work were due to an impairment. *See* Social Security Ruling ("SSR") 84-25 (stating that the Commissioner does not rely solely on information from the worker; rather there must be some independent supporting evidence in the record or confirmation from the employer or

a physician).² In addition, contrary to Plaintiff's testimony that she was fired from her job due to absences caused by an impairment, she told the consultative examining psychiatrist, Dr. Linda M. Smith, that she stopped working as a vocational trainer "because she was arrested and she was fired for being a no-show." (AR 213.)

However, even assuming that the ALJ improperly determined that Plaintiff's job as a vocational trainer constituted past relevant work, any error is harmless because Plaintiff retained the capacity to perform other work in the national economy. At the administrative hearing, the ALJ asked the VE to identify other jobs in the national economy which an individual with Plaintiff's RFC and work background could perform. (AR 37-38.) The VE testified that Plaintiff could perform the jobs of parking lot attendant (DOT 915.473-010), information clerk (DOT 237.367-022), and security guard (DOT 379.367-010), albeit with some erosion of the job base due to Plaintiff's need to constantly change positions. (AR 38-39.) The ALJ's reliance upon the testimony given by the VE in response to the hypothetical was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); 20 C.F.R. § 416.960(b)(2) (ALJ may rely on a vocational expert's "expertise and knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed."). Thus, any error in the ALJ's determination that Plaintiff could perform her past relevant work as a vocational trainer was harmless. *See Burch*

---

² "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).

*v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that a decision of the ALJ will not be reversed for errors that are harmless).

### C. The ALJ Made Proper Credibility Findings

Plaintiff contends that the ALJ erred by not providing sufficient reasons for discrediting her hearing testimony. (Joint Stip. 16-17.) The ALJ found that Plaintiff was not fully credible for the following reasons: (1) the objective medical evidence did not support impairments likely to produce disabling pain or limitation; (2) Plaintiff had not taken medications consistent with complaints of disabling pain or limitation for any period of twelve continuous months; (3) there was no evidence Plaintiff underwent regular treatment for her alleged disabling symptoms; and (4) Plaintiff was able to perform most of her daily activities of living. (AR 17.)

When deciding whether to accept the testimony of a claimant, the ALJ must perform a two-step analysis. At the first step, the claimant must produce objective medical evidence of one or more impairments, and show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-1282 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). The claimant is not required to produce objective medical evidence of the symptom itself or the severity of the symptom. *Smolen*, 80 F.3d at 1282 (citing *Bunnell*, 947 F.2d at 347-348). At the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of his symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings giving clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that

conclusion. *Id*. at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that the objective medical evidence did not support Plaintiff's allegations of disabling symptoms. (AR 17.) Plaintiff was admitted to Arrowhead Regional Medical Center on September 4, 2002 and diagnosed with recurrent pancreatitis. (AR 15, 241-242.) She was discharged on September 15, 2002 with pain medication, antibiotics and instructions to eat a low fat diet. (AR 252.) Plaintiff was again admitted to the hospital in September 2003 for a kidney infection. (AR 15, 239-240.) However, as the ALJ noted, there are no medical records for the period from June 3, 2004, when she sought treatment for a kidney infection and an episode of pancreatitis, to September 9, 2006, when she went to the emergency room complaining of lower back pain. (AR 15-16, 262-263, 272.)

Additionally, Plaintiff's alleged disabling back pain was not supported by the objective medical evidence. Plaintiff had a CAT scan of the lumbar spine, which showed "no evidence of fracture or subluxation," "mild bony spurring present at L2-3 level," and "no evidence of significant degenerative change." (AR 246.) Although a September 23, 2006 MRI indicated that Plaintiff had a possible cyst in her lower back, an x-ray of Plaintiff's lumbar spine performed on October 10, 2006 found "only minimal degenerative spur." (AR 16, 196, 254.) Thus, it was proper for the ALJ to note that the alleged symptoms were disproportionate to the clinical and diagnostic findings. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by

objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)).

In finding that the medical evidence did not support Plaintiff's claims of disabling pain, the ALJ properly relied upon the opinion of the consultative examining physician, Dr. Lin, would found that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently, as well as stand or walk for four hours and sit for six hours in an eight-hour work day. (AR 16, 202.) The ALJ also properly relied upon the opinion of the state agency physician who found, based on a review of the medical evidence, that Plaintiff was able to perform a full range of light work. (AR 17, 206-210.) The ALJ properly determined that Plaintiff was not fully credible because her testimony was inconsistent with the evidence in the record. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant properly discredited where his hearing testimony was "inconsistent with his own statements or actions, as well as with the medical evidence").

The ALJ also appropriately determined that Plaintiff's conservative treatment and activities of daily living belied her claim of disabling pain. The ALJ noted that Plaintiff had not taken medication consistent with disabling pain for a period of 12 months. (AR 17.) At the administrative hearing, plaintiff testified that she was only taking Norco for pain even though it was not helping her pain "as much as [she'd] like it to." (AR 29.) She further testified that she was waiting to get authorization for physical therapy and that her treating physician had not recommended surgery. (AR 30.) *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal

conservative treatment").

The ALJ also properly determined that Plaintiff's ability to perform daily activities, such as prepare food, do laundry, wash dishes and drive, were at odds with her claims of debilitating pain. (AR 17, 31, 132.) While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of her impairment were not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

Here, the ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. Where there is a lack of objective medical evidence, combined with other evidence in the record, such as conservative treatment and an ability to perform routine daily activities, as is the case here, an ALJ's adverse credibility finding is supported by substantial evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Rollins*, 261 F.3d at 857.

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: February 18, 2011

_____
Marc L. Goldman
United States Magistrate Judge